# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

_____

| | |
|---|---|
| TROY HAUERWAUS, | CV 12-22-M-DLC-JCL |
| Plaintiff, | |
| vs. | |
| ALLIED WASTE SERVICES OF NORTH AMERICA, L.L.C., a Delaware limited liability company; ABC CORPORATION 1-10, and JOHN DOES A-J, | FINDINGS AND RECOMMENDATION |
| Defendants. | |

_____

This matter is before the Court on Plaintiff Troy Hauerwaus's motion to remand for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a). For the reasons stated, the motion should be denied.

## I.  BACKGROUND

Plaintiff Troy Hauerwaus, a citizen of Montana, commenced this action on January 18, 2012, by filing his complaint in the Montana Fourth Judicial District Court, Missoula County. Hauerwaus named the following defendants in that complaint: (1) Allied Waste Services of North America, L.L.C. ("Allied N.A."),

1

identified as what Hauerwaus believed to be a Montana limited liability company; (2) ABC Corporation 1-10; and (3) John Doe A-J.

Hauerwaus alleges he was wrongfully terminated from his employment with Allied N.A. in violation of Montana's Wrongful Discharge from Employment Act, Mont. Code Ann. § 39-2-901 et seq. And he also claims Allied N.A. wrongfully interfered with the claim for unemployment benefits he made after his termination.

On February 13, 2012, Allied N.A. removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 based upon diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a). Allied N.A. established by way of its notice, with supporting affidavit, that it is a corporation organized under the laws of the State of Delaware with its principal place of business in Phoenix, Arizona, and not a Montana limited liability company as alleged by Hauerwaus.

On February 21, 2012, Allied N.A. filed its answer to Hauerwaus's complaint. But later on February 21, 2012, Hauerwaus filed a notice of amendment, a First Amended Complaint, and a Motion to Remand. Hauerwaus explains that after the removal by Allied N.A., he learned that Allied N.A. is, in fact, a Delaware limited liability company, and not a Montana limited liability company as alleged. Hauerwaus, however, also learned that there exists another entity identified as Allied Waste Systems of Montana, L.L.C. ("Allied Montana")

which is a Montana limited liability company. Consequently, Hauerwaus believes Allied Montana may have liability for Hauerwaus's claims stemming from his employment in Montana. Therefore, he filed his First Amended Complaint clarifying that Allied N.A. is indeed a Delaware company. And he added Allied Montana as a new defendant in this action.

Having purportedly joined Allied Montana — a non-diverse entity — Hauerwaus now moves to remand this action to the Montana Fourth Judicial District Court, Missoula County. He asserts that complete diversity is now lacking as required for diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a).

## II. DISCUSSION

### A. Removal was Proper

Removal of a civil action from state court to federal court is appropriate if the action could have originally been filed in federal court. 28 U.S.C. § 1441; *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, Allied N.A.'s notice of removal, in conjunction with Hauerwaus's complaint, establishes that this Court would have original jurisdiction over this action under 28 U.S.C. § 1332(a). The notice establishes that Hauerwaus is a citizen of Montana, Allied N.A. is a corporation organized under the laws of the State of Delaware with its principal place of business in Phoenix, Arizona, and the amount in controversy

exceeds $75,000. Thus, Allied N.A.'s removal was appropriate under 28 U.S.C. § 1441 in conjunction with section 1446 based on diversity jurisdiction.

### B. Joinder of Allied Montana is not Appropriate

An appropriate joinder of a non-diverse defendant would destroy complete diversity of citizenship, would divest the federal court of jurisdiction, and would result in a remand of the case to the state court. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (citing *Desert Empire Bank, v. Insurance Co. of North America*, 623 F.2d 1371, 1377 (9th Cir. 1980)). Therefore, the dispositive issue in this case is whether Hauerwaus may properly join Allied Montana as a defendant in this action after the removal by Allied N.A. The Court concludes he may not.

As a preliminary matter, the parties dispute Hauerwaus's ability to file his First Amended Complaint without obtaining leave of court, and the effect of that amendment on the merits of Hauerwaus's motion to remand. Hauerwaus contends his amended pleading is controlling and mandates a remand, while Allied argues that the First Amended Complaint, together with Hauerwaus's Notice of Amendment, should instead be construed as a motion for leave to amend.

Federal Rule of Civil Procedure Rule 15 permits a party, in certain situations, to amend a pleading once as a matter of course without first obtaining

leave of court.  Specifically, "[a] party may amend its pleading once as a matter of course within: [...] 21 days after service of a responsive pleading[.]"  Fed. R. Civ. P. 15(a)(1)(B).

Here, Allied N.A. filed its Answer to Hauerwaus's original Complaint on February 21, 2012.  Later that same day, Hauerwaus filed his First Amended Complaint, clearly within the 21-day period described in Rule 15(a)(1)(B).  As a general matter, Rule 15 did not require Hauerwaus to obtain leave of court to file an amended complaint.  But because Hauerwaus's amendment seeks to join a non-diverse defendant that would defeat diversity jurisdiction, the propriety of the amendment is not resolved by Rule 15.  *See Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1086-87 (C.D. Cal. 1999); *Winner's Circle of Las Vegas, Inc. v. AMI Franchising, Inc.*, 916 F. Supp. 1024, 1026 (D. Nev. 1996).  Rather, where a plaintiff seeks to join a non-diverse defendant after removal which would destroy diversity jurisdiction, the propriety of that joinder is governed by the standards applicable under 28 U.S.C. § 1447(e).  *Cross v. Kellwood Retail Group*, 2009 WL 250454, *3 (N.D. Cal. 2009).

Section 1447, Title 28 of the United States Code governs the procedures after removal generally.  Subsection (e) of that statute provides as follows:

> (e) If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447(e). Consequently, once removal has been effected, the district court may only consider one of the two options identified in section 1447(e) when dealing with a plaintiff's attempt to join a non-diverse defendant. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). *See also Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999) (limiting the court's authority in addressing the joinder of a non-diverse defendant to the provisions of section 1447(e)). Section 1447(e) is controlling even if the plaintiff has attempted to exercise his or her right to amend a pleading once as a matter of course under Fed. R. Civ. P. 15. *Mayes*, 198 F.3d 462 n.11. A plaintiff "may not circumvent 28 U.S.C. § 1447(e) by relying on Fed. R. Civ. P. 15(a) to join non-diverse parties." *Hardin v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1173 (E.D. Cal. 2011). Therefore, the Court will address Hauerwaus's proposed joinder of Allied Montana under section 1447(e).

The permissive language of section 1447(e) gives the district courts discretion to either permit or deny the joinder of a non-diverse defendant. *Newcombe*, 157 F.3d at 691. In exercising that discretion, the district courts have

applied various factors in considering the propriety of allowing the joinder of a non-diverse defendant. Those considerations are:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*JSR Micro, Inc. v. QBE Insurance Corp.*, 2010 WL 5211504, *1 (N.D. Cal. 2010) (citing *Palestini v. General Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000)). Additional factors for consideration include: "[1] the possible prejudice that may result to any of the parties in the litigation; [2] the closeness of the relationship between the new and the old parties; [3] the effect of an amendment on the court's jurisdiction; and [4] the new party's notice of the pending action. *Hardin*, 813 F. Supp. 2d at 1173-74 (quoting *Oum v. Rite Aid Corp.*, 2009 WL 151510, *3 (C.D. Cal. 2009)).

Consideration of all of the referenced factors as applied to the circumstances of this case dictates that the joinder of Allied Montana should not be allowed.

1. **Necessity for Joinder**

Under this first factor, the courts need not engage in a full joinder analysis under Fed. R. Civ. P. 19(a). *Cross v. Kellwood Retail Group*, 2009 WL 250454,

7

*6 (N.D. Cal. 2009). Rather, the courts remain free to exercise discretion under section 1447(e). *Id*.

Hauerwaus affirmatively asserted in his original complaint that Allied N.A. was his employer. And he has not retreated from this judicial admission of fact in his efforts to join Allied Montana. *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). Allied N.A., in turn, admits it was Hauerwaus's employer. Hauerwaus has not articulated, let alone demonstrated, Allied Montana's presence in this action is necessary for a just adjudication of his wrongful discharge claim.

Hauerwaus's claim alleging interference with his unemployment benefits also does not appear to require Allied Montana's joinder in this action. The record reflects Hauerwaus filed his claim for unemployment benefits against Allied N.A. Dkt. 28-1 at 5 of 8. Hauerwaus alleges "Allied" wrongfully opposed and interfered with his claim for benefits by providing false and misleading information to the Montana Department of Labor and Industry. Dkt. 8 at ¶ 26; Dkt. 15 at ¶ 27. Hauerwaus's allegations do not distinguish between Allied N.A.'s role and Allied Montana's role in the alleged interference. Therefore, Hauerwaus's allegations sufficiently suggest Allied N.A. was responsible for any

alleged interference, and he has failed to demonstrate why Allied Montana's joinder is necessary for a just adjudication of this claim.

Hauerwaus makes only a bare, conclusory assertion that Allied Montana is also responsible for the acts giving rise to his liability claims. He fails, however, to identify any factual details on which he bases the assertion. Thus, there exists no basis in the record on which the Court could conclude Allied Montana's joinder is necessary for a just adjudication of either of Hauerwaus's claims, and he does not suggest why he would not be able to obtain complete relief from Allied N.A. in view of the viable claims he advances against Allied N.A. *See* Fed. R. Civ. P. 19(a)(1)(A). This factor weighs against joinder of Allied Montana.

### 2. Statute of Limitations

Hauerwaus concedes there exists no statute of limitations bar that would preclude him from pursuing separate claims against Allied Montana in state court. Thus, this factor weighs against allowing joinder.

### 3. Delay in Seeking Joinder

The record reflects Hauerwaus did not unreasonably delay his attempt to seek joinder of Allied Montana. This action was commenced on January 18, 2012. Hauerwaus represents that he discovered the existence of Allied Montana on February 14, 2012, and he filed his amended pleading on February 21, 2012,

seeking to join Allied Montana. Therefore, this factor weighs in favor of allowing joinder.

### 4. Motive for Joinder

The courts must carefully consider a plaintiff's motive in seeking to join a defendant that would defeat diversity jurisdiction and require a remand to the state court. *Desert Empire Bank, v. Insurance Co. of North America*, 623 F.2d 1371, 1376 (9th Cir. 1980). Where a plaintiff seeks to amend the complaint within a few days after removal, and where the proposed amended complaint is identical to the original complaint, then "one could justifiably suspect that [the plaintiff's] amendment of the complaint was caused by the removal rather than an evolution of his case." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999).

Here, Allied N.A. removed this action on February 13, 2012, and Hauerwaus filed his amended pleading only eight days later. Additionally, a comparison of Hauerwaus's original complaint and his First Amended Complaint reflects that the allegations in the two pleadings are identical except for the addition of a paragraph identifying Allied Montana in the First Amended Complaint. Hauerwaus states he located the existence of Allied Montana on February 14, 2012, only after the removal of this action. Therefore, all of these facts render Hauerwaus's motive suspect, and indicate his effort to join Allied

Montana was caused by the removal, and not by any meritorious development in his case. This factor weighs against allowing joinder.

5. **Validity of Claims**

Hauerwaus has not demonstrated any validity to his claims against Allied Montana. He has not presented any factual basis to suggest Allied Montana was his employer, and that it would be liable under his wrongful discharge claim. He also does not identify any facts which suggest Allied Montana had any role in the alleged interference with his unemployment benefits. He makes only the conclusory assertion that in view of Allied's complex corporate structure, it is logical to conclude that Allied Montana — a Montana entity — "may have liability" for some unidentified role in Hauerwaus's Montana employment. Dkt. 17 at 14. This conclusory assertion is insufficient to plausibly suggest Allied Montana is subject to liability. This factor weighs against joinder.

6. **Prejudice to Any Party**

Hauerwaus suggests the denial of his proposed joinder of Allied Montana would prejudice him. He argues he would be forced to pursue redundant claims against Allied Montana in state court. Alternatively, he would be forced to abandon his claims against Allied Montana.

Hauerwaus's assertions of prejudice are not compelling. He has not demonstrated the existence of any meritorious claim against Allied Montana that he cannot maintain against Allied N.A. Absent an independent valid claim against Allied Montana, there would be no need to pursue redundant litigation in state court, nor will he be forced to abandon any existing viable claim against Allied Montana if he chooses not to pursue Allied Montana in state court. This factor weighs against allowing the joinder of Allied Montana.

### 7. Closeness of Relationship Between Old and New Parties

Allied asserts that Allied N.A. and Allied Montana are separate corporate entities, and share only a common parent corporation — Browning-Ferris Industries, LLC. There exists no other information in the record elaborating on the relationship between Allied N.A. and Allied Montana. This factor weighs against joinder of Allied Montana.

### 8. Effect of Amendment on Jurisdiction

Hauerwaus's proposed joinder of Allied Montana would defeat this Court's jurisdiction over this matter. Because Allied N.A. properly removed this action and is entitled to do so, this factor weighs against joining Allied Montana.

### 9. New Party's Notice of Pending Action

There exists no evidence in the record suggesting Allied Montana had any notice of Hauerwaus's pending action against Allied N.A. Therefore, this factor weighs against allowing Hauerwaus to join Allied Montana.

## III. CONCLUSION

Under the circumstances of this case, and upon consideration of all of the relevant factors under 28 U.S.C. § 1447(e), the Court should exercise its discretion to deny Hauerwaus's proposed joinder of Allied Montana. Hauerwaus's motion for remand is predicated solely upon his proposed joinder of Allied Montana — a non-diverse party — which would negate complete diversity of citizenship and would defeat this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). Because the Court should disallow the joinder of Allied Montana, IT IS HEREBY RECOMMENDED that Hauerwaus's motion to remand be DENIED.[1]

DATED this 26th day of March, 2012.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[1] Most federal appellate courts treat motions to remand as dispositive motions requiring the issuance of findings and recommendations under 28 U.S.C. § 636(b)(1)(B). *JPMorgan Chase Bank v. Chavez*, 2011 WL 6760349, *1 n.3 (N.D. Cal. 2011). *See Vogel v. U.S. Office Products Co.*, 258 F.3d 509, 517 (6th Cir. 2001) and *In re U.S. Healthcare*, 159 F.3d 142, 145 (3rd Cir. 1998). The Ninth Circuit Court of Appeals has thus far left open the question of whether a motion to remand is dispositive, but the district courts within the Ninth Circuit have treated motions to remand as dispositive. *JPMorgan Chase Bank*, 2011 WL 6760349 at *1 n.3; *Gonzales v. National Union Fire Ins. of Pittsburgh, PA*, 2011 WL 4899905, *1 n.1 (D. Mont. 2011); and *Eggs 'n Things International Holdings PTE. Ltd. v. ENT Holdings LLC*, 2012 WL 665038, *1 (D. Hawaii 2012).