

FILED
APR 19 2012
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| TROY HAUERWAUS, | ) | CV 12-22-M-DLC-JCL |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ALLIED WASTE SYSTEMS OF NORTH AMERICA, L.L.C., a Delaware limited liability company; ALLIED WASTE SYSTEMS OF MONTANA, L.L.C., a Montana limited liability company; ABC Corporation, 1-10, and JOHN DOE, A-J, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff Troy Hauerwaus brings this action against his former employer, Allied Waste Systems, alleging wrongful discharge and wrongful interference with unemployment benefits. Plaintiff originally filed this action in Montana state

district court, naming Allied Waste Services of North America ("Allied North America") as the lone named defendant, based on Plaintiff's belief that Allied North America is a Montana limited liability company. Allied North America removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 based on diversity jurisdiction because Allied North America is in fact a Delaware limited liability company with its principal place of business in Phoenix, Arizona. Plaintiff then filed an Amended Complaint in this Court adding Allied Waste Systems of Montana ("Allied Montana") as a named defendant, and the same day filed a motion to remand on the ground that the joinder of Allied Montana robs this Court of diversity jurisdiction.

United States Magistrate Judge Jeremiah C. Lynch considered Plaintiff's motion to remand and issued Findings and Recommendations in which he concludes that the motion to remand should be denied. Judge Lynch evaluated Plaintiff's attempt to join Allied Montana pursuant to 28 U.S.C. § 1447(e) and considered several factors in making his recommendation. He found that the following factors weigh against allowing the joinder of Allied Montana: necessity for joinder, potential statute of limitations concerns, motive for joinder, validity of the claims against Allied Montana, prejudice to any party, closeness of the relationship between Allied North America and Allied Montana, effect of joinder on jurisdiction, and notice to Allied Montana. The one factor Judge Lynch found

to weigh in favor of allowing joinder is that Plaintiff did not unreasonably delay his attempt to join Allied Montana. Of particular importance to Judge Lynch's analysis is Plaintiff's failure to demonstrate any basis for concluding that Allied Montana played any non-duplicative role in the events giving rise to his claims, or that Plaintiff cannot obtain a full recovery on all claims from Allied North America.

Plaintiff did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000). The Court having reviewed for clear error the Findings and Recommendations of United States Magistrate Judge Jeremiah C. Lynch (Doc. No. 33), and having found no clear error therein,

IT IS HEREBY ORDERED that Plaintiff Hauerwaus' motion to remand (Doc. No. 16) is DENIED.

DATED this 19th day of April, 2012.

Dana L. Christensen, District Judge
United States District Court